IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSEBUD SIOUX TRIBE,                ) | |
|                                                            ) | |
|          Plaintiff,                               ) | |
|                                                            ) | |
|          v.                                          ) | No. 1:05cv02492 (JR) |
|                                                            ) | |
| DIRK KEMPTHORNE,                      ) | |
| Secretary of the Interior, <u>et</u> <u>al.</u>,  ) | |
|                                                            ) | |
|          Defendants.                          ) | |
| _____) | |

**JOINT MOTION FOR TEMPORARY STAY OF LITIGATION,
SUPPORTING EXHIBIT, AND [PROPOSED] ORDER**

Pursuant to the Federal Rules of Civil Procedure (Fed. R. Civ. P.) and the local civil court rules (LCvR), the parties respectfully request that the Court issue a temporary stay of the litigation of this case, effective immediately, to and including June 29, 2007. The grounds for this joint motion are as follows:

1. Plaintiff filed this case on December 30, 2005. Plaintiff also filed a companion case in the United States Court of Federal Claims ("CFC"), <u>Rosebud Sioux Tribe v. United States</u>, No. 06-924L (Fed. Cl.) (Merow, J.). Plaintiff's claims and allegations in both cases relate to the trust accounting and trust management duties and responsibilities allegedly owed by Defendants to Plaintiff.

2. In this case, Plaintiff requested and received an extension of time, to and including July 28, 2006 to serve the Complaint on Defendants pursuant to Fed. R. Civ. P. 4.

3. Plaintiff filed an Amended Complaint on July 17, 2006. Since that time, the parties have sought jointly to extend the time for Defendants to file their Answer or otherwise respond to the Amended Complaint. Under the Court's most recent order granting the parties' joint motion,

Defendants have to and including March 29, 2007 to file their Answer or otherwise respond to the Amended Complaint.

4.  As the parties previously informed the Court, counsel for the parties met and conferred on September 12, 2006, and, among other things, they agreed to (a) explore the possibility of settlement discussions in this case; (b) undertake several activities, including informal requests and productions of relevant or potentially relevant documents and data, in exploration of and preparation for settlement discussions; and (c) seek an enlargement of time within which to file their Answer or otherwise respond to the Amended Complaint.  Since that time, counsel for the parties have further conferred and agreed that they should seek a temporary stay of litigation in order to undertake their joint process for exploring settlement discussions and undertaking activities in preparation and support of their settlement discussions, including but not limited to the informal document and data requests and productions.

5.  As this Court is aware, in addition to this case and the companion case in the CFC, counsel for Plaintiff have filed or are handling 30 other lawsuits against the Defendants and/or the United States, on behalf of 15 other Tribes, in this Court and in the CFC.  In total, Plaintiff's counsel are currently representing 16 Tribes (including Plaintiff), and, on behalf of those Tribes, they have filed or are handling 16 cases for declaratory and injunctive relief (including this case) in this Court[1]

---

[1]     The 16 cases that Plaintiff's counsel have filed or are handling in this Court are Cheyenne River Sioux Tribe v. Kempthorne, No. 1:06-cv-01897-JR; Confederated Tribes of the Goshute Reservation v. Kempthorne, No. 1:06-cv-01902-JR; Crow Creek Sioux Tribe v. Kempthorne, No. 1:06-cv-00900-JR; Eastern Shawnee Tribe of Oklahoma v. Kempthorne, No. 1:06-cv-02162-JR; Iowa Tribe of Kansas and Nebraska v. Kempthorne, No. 1:06-cv-01899-JR; Lower Brule Sioux Tribe v. Kempthorne, No. 1:05-cv-02495-JR; Muscogee (Creek) Nation of Oklahoma v. Kempthorne, No. 1:06-cv-02161-JR; Northwestern Band of Shoshone Indians v. Kempthorne, No. 1:06-cv-02163-JR; Oglala Sioux Tribe v. Kempthorne, No. 1:04cv01126-JR; Omaha Tribe of
(continued...)

and 16 companion cases for damages in the CFC.[2] All of these cases are Tribal trust accounting and trust mismanagement cases.

6. As this Court is also aware, there are presently 103 Tribal trust accounting and trust mismanagement cases in this Court, in the CFC, and in the United States District Courts in Oklahoma. See Exhibit (Exh.) 1 hereto.

7. In this case and the CFC companion case, counsel for the parties have begun discussions about a process for addressing and possibly resolving Plaintiff's issues and claims without the need for protracted litigation. They expect these discussions to continue into the near future. Plaintiff takes the position that it needs certain documents and data regarding its trust accounting and trust mismanagement issues and claims before it can proceed with a full discussion and agreement about a settlement discussion process. Accordingly, Plaintiff has begun its informal

---

[1](...continued)
Nebraska v. Kempthorne, No. 1:04cv00901-JR; Prairie Band of Potawatomi Indians v. Kempthorne, No. 1:05cv02496-JR; Red Cliff Band of Lake Superior Indians v. Kempthorne, No. 1:06-cv-02164-JR; Rosebud Sioux Tribe v. Kempthorne, No. 1:05-cv-02492-JR; Stillaguamish Tribe of Indians v. Kempthorne, No. 1:06-cv-01898-JR; Winnebago Tribe of Nebraska v. Kempthorne, No. 1:05cv02493-JR; and Wyandot Nation of Kansas v. Kempthorne, No. 1:05cv02491-JR.

[2] The 16 cases that Plaintiff's counsel have filed or are handling in the Court of Federal Claims are Cheyenne River Sioux Tribe v. United States, No. 06-cv-00915-NBF; Confederated Tribes of the Goshute Reservation v. United States, No. 06-cv-00912-EGB; Crow Creek Sioux Tribe v. United States, No. 05-cv-1383L-MCW; Eastern Shawnee Tribe of Oklahoma v. United States, No. 06-cv-00917-CFL; Iowa Tribe of Kansas and Nebraska v. United States, No. 06-cv-00920-EJD; Lower Brule Sioux Tribe v. United States, No. 06-cv-00922-LB; Muscogee (Creek) Nation of Oklahoma v. United States, No. 06-cv-00918-JFM; Northwestern Band of Shoshone Indians v. United States, No. 06-cv-00914-LB; Oglala Sioux Tribe v. United States, No. 05-cv-1378L; Omaha Tribe of Nebraska v. United States, No. 06-cv-00911-MBH; Prairie Band of Potawatomi Indians v. United States, No. 06-cv-00921-LJB; Red Cliff Band of Lake Superior Indians v. United States, No. 06-cv-00923-JPW; Rosebud Sioux Tribe v. United States, No. 06-cv-00924-EGB; Stillaguamish Tribe of Indians v. United States, No. 06-cv-00916-NBF; Winnebago Tribe of Nebraska v. United States, No. 06-cv-00913-MMS; and Wyandot Nation of Kansas v. United States, No. 06-cv-00919-LMB.

requests for documents and data from Defendants. On January 19, 2007, Plaintiff provided to Defendants an informal document and data request, which consisted of 27 sub-parts. On March 26, 2007, Defendants furnished Plaintiff with their initial response to Plaintiff's request. Based on an agreement with Plaintiff, Defendants will supplement their initial response to Plaintiff's request, on a "rolling" basis, until Defendants have completed the response.

8.  Among other things, Defendants have provided Plaintiff with the results of the Interior Department's Tribal trust fund account reconciliation project (conducted by Arthur Andersen, LLP), as those results relate to Plaintiff.

9.  Numerous documents and data that are responsive or potentially responsive to Plaintiff's informal request contain information protected as confidential under various applicable statutes and regulations (e.g., the Privacy Act, Indian Minerals Development Act). Defendants take the position that they cannot disclose such documents and data to Plaintiff without an appropriate protective order. Accordingly, the parties have agreed that they would negotiate and, if possible, execute a joint stipulation of document and data confidentiality, which they would submit to the Court for possible approval and entry as a protective order. On March 23, Defendants' counsel provided to Plaintiff's counsel, for his review and comment, Defendants' draft of the proposed joint stipulation.

10.  Additionally, the parties have agreed that they would negotiate and, if possible, execute a joint stipulation of confidentiality relating to their settlement discussion process, which they would also submit to the Court for possible approval and entry as a protective order. Defendants' counsel are preparing this draft joint stipulation and will transmit it to Plaintiff's counsel for his consideration, shortly.

11.     Given the foregoing and given the need for the parties to undertake additional work, especially with respect to their informal document and data requests and productions and to the joint development of a process for possibly resolving Plaintiff's issues and claims, the parties have conferred and agreed that it would be sensible and appropriate to seek a temporary stay of the litigation of this case, to and including June 29, 2007.  Also, the parties have agreed that, on or before June 29, 2007, they would file a joint status report and motion, informing the Court of the outcome of their discussions and their proposal for addressing Plaintiff's issues and claims in this case (as well as those in Plaintiff's companion case in the CFC) (e.g., informal settlement discussions, formal alternative dispute resolution, litigation); making a recommendation to the Court regarding the temporary stay of litigation (e.g., extend or terminate the stay), based on their discussions and proposal (if any); and proposing any other matters to the Court for determination or adjudication, as appropriate.

12.     Accordingly, the parties hereby respectfully request that the Court grant the following relief:

    a.     Temporarily stay the litigation of this case, to and including June 29, 2007;

    b.     Make the temporary stay effective immediately, thus deferring, among other things, Defendants' obligation to file their Answer or otherwise respond to the Amended Complaint until after the termination of the stay; and

    c.     Order that the parties file a joint status report and motion, on or before June 29, 2007, informing the Court of the status of their activities and their proposal, if any, for addressing Plaintiff's issues and claims in this case; making a recommendation to the Court regarding the temporary stay of litigation, based on their discussions (and proposal, if any); and

proposing any other matters to the Court for determination or adjudication, as appropriate.

13. On the one hand, the granting of this joint motion would serve the public interest by promoting judicial economy and conserving the parties' limited resources. Further, it would not cause any undue prejudice or harm to the rights and interests of Plaintiff or Defendants herein. On the other hand, the denial of the joint motion would unduly interfere with the parties' ability to engage in cooperative, informal discovery, and possibly devise an efficient, cost-effective, and resource-conserving way for addressing and handling the cases (or some portion of those cases) that have been filed by Plaintiff in this Court and the CFC.

WHEREFORE, the parties respectfully request that their motion for temporary stay of litigation be GRANTED.

Respectfully submitted this 28th day of March, 2007,

|  |  |
|---|---|
|  | MATTHEW McKEOWN<br>Acting Assistant Attorney General |
| */s/ Patricia A. Marks, by Anthony P. Hoang*<br>*pursuant to authorization on March 28, 2007*<br>PATRICIA A. MARKS<br>United States District Court Bar #22672<br>15992 A.E. Mullinix Road<br>Woodbine, MD  21797-8440<br>Tel: (410) 489-4553<br>Fax: (301) 854-5117<br><br>WALTER J. LACK<br>BRIAN J. LEINBACH<br>Engstrom, Lipscomb & Lack<br>10100 Santa Monica Blvd., 16th Floor<br>Los Angeles, CA  90067-4107<br>Tel:  (310) 552-3800<br>Fax: (310) 552-9434 | */s/ Anthony P. Hoang*<br>ANTHONY P. HOANG, FL Bar #798193<br>MARTIN J. LALONDE, IL Bar #6218249<br>KEVIN S. WEBB<br>United States Department of Justice<br>Environment and Natural Resources Division<br>Natural Resources Section<br>P.O. Box 663<br>Washington, D.C.  20044-0663<br>Tel: (202) 305-0241<br>Tel: (202) 305-0247<br>Tel: (202) 305-0479<br>Fax: (202) 353-2120<br><br>Attorneys for Defendants |

|  |  |
|---|---|
|  | OF COUNSEL: |
| THOMAS V. GIRARDI | GLADYS COJOCARI |
| KEITH GRIFFIN | Office of the Solicitor |
| Girardi & Keese | United States Department of the Interior |
| 1126 Wilshire Boulevard | Washington, D.C.  20240 |
| Los Angeles, CA 90017-1904 |  |
| Tel:  (213) 977-0211 | TERESA E. DAWSON |
| Fax: (213) 481-1554 | Office of the Chief Counsel |
|  | Financial Management Service |
| GREGORY A. YATES | United States Department of the Treasury |
| 16830 Ventura Blvd, Suite 250 | Washington, D.C.  20227 |
| Encino, CA 91436 |  |
| Tel:  (310) 858-6944 |  |
| Fax: (818) 905-7038 |  |

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing JOINT MOTION FOR TEMPORARY STAY, SUPPORTING EXHIBIT, and [PROPOSED] ORDER was served on March 28, 2007, by Electronic Case Filing or by regular, first-class United States mail, postage pre-paid, and by electronic mail or telefax, unless otherwise noted below, on the following counsel:

Patricia A. Marks
15992 A.E. Mullinix Road
Woodbine, MD  21797-8440
Fax: (301) 854-5117

Walter J. Lack
Brian J. Leinbach
ENGSTROM, LIPSCOMB & LACK
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA  90067-4107
Fax: (310) 552-9434

Thomas V. Girardi
Keith Griffin
GIRARDI & KEESE
1126 Wilshire Boulevard
Los Angeles, CA 90017-1904
Fax: (213) 481-1554

Gregory A. Yates
16830 Ventura Blvd, Suite 250
Encino, CA 91436
Fax: (818) 905-7038

/s/ Anthony P. Hoang
ANTHONY P. HOANG